UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

M/A-COM, INC.,                                  :

           Petitioner,            :    **REPORT AND RECOMMENDATION**

         -against-                         :    07 Civ. 8343 (JSR)(KNF)

ERIC RAINER BASHFORD,                :

           Respondent.         :
------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE JED S. RAKOFF, UNITED STATES DISTRICT JUDGE

      Respondent Eric Rainer Bashford ("Bashford"), who is proceeding pro se, brought this action, pursuant to 28 U.S.C. § 1441, by filing a notice of removal on September 24, 2007, in response to an application to stay arbitration proceedings, filed with the New York State Supreme Court, Westchester County, on August 16, 2007, by petitioner, M/A Com, Inc. ("M/A-Com"). This action is before your Honor as it is related to an action Bashford commenced in 2005 (hereinafter "Crown litigation")[1] against multiple defendants, including M/A-Com. The Crown litigation involved many of the same facts as are contested in this action.

      M/A-Com sought to remove the Crown litigation to federal court. Bashford made an application pursuant to 28 U.S.C. § 1447(c), seeking to have the court remand the Crown

---

[1] See Bashford v. Crown Fin. Group, et al., S.D.N.Y. case No. 05 Civ. 02217 (JSR)(KNF) (regarding removal of the Crown litigation).

1

litigation to state court, on the grounds that its removal to federal court was untimely and procedurally defective. The defendants opposed that application. In August 2005, your Honor directed that the Crown litigation be returned to state court for adjudication. In the case at bar, M/A-Com has not opposed Bashford's removal of the action to federal court. However, it does not appear that removal was proper.

Bashford's notice of removal is conspicuous in its reliance on both diversity of citizenship and a federal question to invoke the court's jurisdiction. The notice indicates that, "[t]he amount of this controversy exceeds $75,000.00." See 28 U.S.C. § 1332. Local Civil Rule 81.1 of this court requires a litigant who seeks to remove a case from state court, based upon diversity of citizenship, to set forth, inter alia, the residency and citizenship of each individual named as a party. Bashford failed to comply with the Rule because he did not indicate his citizenship on the notice of removal. He indicated only that he is a resident of New York.

"The right to remove a state court action to federal court on diversity grounds is statutory, and must therefore be invoked in strict conformity with statutory requirements. In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." Somlyo v. J. Lu-Rob Enter., Inc., 932 F.2d 1043, 1045-46 (2d Cir. 1991) (internal citations omitted). An action removed to federal court from state court by virtue of the parties' diverse citizenship is before the federal court properly "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Although Bashford did not indicate on the notice of removal he is a New York citizen, his New York citizenship is a matter that was

identified, without opposition from Bashford, during the Crown litigation. See, e.g., the Court's July 27, 2005 Report and Recommendation, passim. Inasmuch as Bashford is the respondent in this action and a New York citizen, 28 U.S.C. § 1441(b) bars him from removing the action from the state court to federal court based on diversity of citizenship.

Bashford also purports to rely upon a federal statute to invoke the court's jurisdiction, specifically, the Federal Arbitration Act ("FAA"). Bashford's reliance on the FAA is misplaced. "[I]t is well-settled that the Federal Arbitration Act [] does not confer subject matter jurisdiction on the federal courts . . . [t]here must be 'an independent basis of jurisdiction before a district court may entertain petitions under the [FAA].'" McCarthey Investments, LLC v. Shah, No. 07 Civ. 5619, 2007 WL 3254418 at *1 (S.D.N.Y. Nov. 1, 2007) (citing and quoting Greenberg v. Bear, Stearns & Co., 220 F.3d 22, 25 (2d Cir. 2000) [internal citations omitted] and citing and quoting Perpetual Sec., Inc. v. Tang, 290 F.3d 132, 136 (2d Cir. 2002) [internal citations omitted]). Accordingly, in the case at bar, the court lacks subject matter jurisdiction.

Fed. R. Civ. P. 11, in its most pertinent part, provides the following:

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. . . .

Fed. R. Civ. P. 11(b)(1)(2).

A notice of removal, such as Bashford filed with the court in the instant case, is executed

pursuant to Fed. R. Civ. P. 11. See 28 U.S.C. § 1146(a). It appears from the record before the Court, and the Court's knowledge of the Crown litigation activities, see Fed. R. Evid. 201, that Bashford's attempt to remove this action, from state court to federal court, when no factual or legal basis for invoking the court's subject matter jurisdiction could arguably be said to exist, was conduct that runs afoul of Fed. R. Civ. P. 11, for which the respondent should be made to account.

## RECOMMENDATION

Since the jurisdictional bases upon which Bashford relied in seeking to remove the action from state court to federal court do not support removal, as discussed above, I recommend that the action be remanded to the New York State Supreme Court, Westchester County. I recommend further that Bashford be directed to show cause, before your Honor, why his conduct in this matter has not violated Rule 11(b) of the Federal Rules of Civil Procedure.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Jed S. Rakoff, 500 Pearl Street, Room 1340, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Rakoff. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140, 470 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F. 3d 1049, 1054 (2d Cir. 1993); Frank v.

Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
December 13, 2007

Respectfully submitted,

Copies mailed to:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Eric Rainer Bashford
Stephen J. Donahue, Esq.